**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4521

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN K. BEVER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:22-cr-00164-1)

Submitted:  July 30, 2024                    Decided:  March 5, 2025

Before NIEMEYER, HARRIS, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Lex A. Coleman, Senior Litigator Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. William S. Thompson, United States Attorney, Francesca C. Rollo, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn K. Bever appeals the district court's denial of his motion to dismiss the indictment and the criminal judgment setting forth his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018). He argues that § 922(g)(1) is unconstitutional—and his conviction therefore infirm—following *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022) (holding that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation").

We considered and rejected the same argument in *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) (holding that "[§] 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least *some* set of circumstances" (internal quotation marks omitted)). The holding in *Canada* forecloses Bever's facial challenge to § 922(g)(1). To the extent that Bever also asserts an as-applied challenge to § 922(g)(1), we recently held "that neither *Bruen* nor [*United States v.*] *Rahimi*[, 602 U.S. 680 (2024),] abrogates [our] precedent foreclosing as-applied challenges to [§] 922(g)(1)" and, further, "that [§] 922(g)(1) would pass constitutional muster even if we were unconstrained by circuit precedent." *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024). Thus, *Hunt* forecloses Bever's as-applied challenge.

Accordingly, the district court did not err in denying the motion to dismiss the indictment, and we affirm Bever's criminal judgment. We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*AFFIRMED*